Brian P. Berson, Esq.
Attorney at Law, State Bar No. 130249
1000 Brannan Street, Suite 488
San Francisco, CA 94103
brian@bersonlaw.net
Telephone: (415) 788-2707
Fax: (415) 522-1506

Attorney for: JUVENCIO GAMEZ CID

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) |
|---|---|
| | ) No. CR 20-450, CR 20-451 |
| | ) CR 20-449-EMC CR 21-26- |
| Plaintiff, | ) EMC, CR 21-222-EMC |
| | ) |
| | ) **DEFENDANT CID'S STATUS** |
| vs. | ) **REPORT** |
| | ) |
| | ) |
| JUVENCIO GAMEZ CID, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) Date: November 17, 2021 |
| | ) Time: 9:00 a.m. |
| | ) Courtroom: The Honorable |
| | ) Judge Chen |

Defendant Cid, through undersigned counsel, submits this status memorandum on behalf of the below-signed counsel and their respective clients in the above-captioned case and the related cases.

1

Some of the issues brought to the Court's attention before our last status conference remain the same. One exception is that the case now involves fewer remaining defendants in the related cases. Other than the below counsel and their respective clients, it is our understanding that plea negotiations are likely to result in dispositions.

As the Court knows, these prosecutions are based substantially on evidence obtained from a series of wiretaps, five applications on 10 target telephones. These wiretaps led to the several indictments before the Court. As such, successful wiretap motions would substantially change the universe of evidence and charges in this case.

As we noted last time, efforts to evaluate the efficacy of wiretap motions have centered around the issue of necessity, as resorting to a wiretap is supposed to be a last resort law enforcement tool. In order to evaluate that and related issues, voluminous discovery must be reviewed and investigation undertaken.

Overall, the volume of discovery is substantial, consisting of 18,827 pages of documents, over sixty-five hours of audio, and over thirty-five hours of video. Included within discovery are traditional and non-traditional wiretap data.

There is one ongoing issue with the formatting of the discovery. Specifically, discovery includes 128,498 Coolminer data

files. It appears that through a combination of Pen Registry and Trap and Trace ("PRTT") and Title III applications, the government was able to capture both traditional wiretap data (*e.g.,* voice calls and text messages) as well as data usage from the phone (*e.g.,* websites visited, application usage, etc.). The files are labeled as Coolminer in discovery.

The Coolminer designation is important because, previously, the Federal Bureau of Investigation used a program by the same name in collecting and analyzing data captured from the internet. In 2010, at a Law Enforcement Technical Forum, Coolminer was described as "an internally developed software interface that configures and displays processed data in intelligible form. The 'Coolminer' program allows law enforcement to view and minimize the (potential evidentiary) products, make notations, add translations, and export specific data sets." *See* https://cryptome.org/2012/08/fbi-spy-letf.pdf.

Here, in its current form, the Coolminer data is a series of programing files and otherwise inaccessible data. Although the CDA has been in contact with the government to try to gain access to this data, it is our understanding that the only way to meaningfully access it is with software that law enforcement is unwilling to share. On the other hand, if there is software that the defense can utilize in order to meaningfully access this data, we are asking the government to tell us what it is.

3

Moreover, the Coolminer data may not only be relevant to necessity, it may also impinge on legal minimization constraints. The government's wiretap applications acknowledge its obligations under Title 18 to minimize its interceptions to those that are relevant to the investigation. Yet, the Coolminer data consists of almost 130,000 files. We cannot meaningfully review these files in order to evaluate whether the government took reasonable steps to honor its minimization obligations.

As noted previously, defendant Gamez Cid was the subject of a separate DEA unit investigation that overlapped with the one that led to his two indictments. Voluminous evidence from that separate investigation was requested, and was received only on September 17, 2021, approximately a week before the last status conference. A review of that discovery has led us to follow-up requests. For example, we have received many cell phone records without identification of the cell phone(s) from which those records were derived.

We also have also been awaiting debriefs of multiple informants whose prior debriefs were referred to in the reports we have received. These requests, for the most part, were made prior to the last status appearance. At least one of those informants appears to have been highly placed. A report we have been provided about this informant appears to note that (s)he made an undercover, monitored call to an alleged highly placed

4

coconspirator. We asked for this recording prior to the last court appearance and are still waiting for it.

Here is the status of specific discovery requests that have been made, some of them admittedly made only recently:

**September 10, 2021**
1. Search warrant docs for 2930 El Camino Real, Santa Clara 7/1/20, referenced in US-600123/Arredondo arrest: application, affidavit, return.

    - Status: *Fulfilled- 11.14.2021.*

2. Informant debriefs of CS-18-156916:

    a. 8/9/18 referenced in US-600050 ROI at para. 5,

    b. quarterly debrief on 2/25/19 in para. 7,

    c. all other quarterly debriefs of CS 18-156916.

    - Status: *Unfulfilled.*

3. Periodic reports in addition to the only ones we have (1/2/20, 2/11/20, 4/2/20);

    - Status: *Unfulfilled.*

4. Cell phone s.w.s and their applications:

    a. for 669-255-6215 (TT7) noted in DEA-6/US-600130

    b. for 510-767-5008 (TT10) noted in US-600067/DEA-6

    - Status: *Unfulfilled- only* **Ping warrant SW 3:20-mj-71302** for TT-10 (510-767-5008) disclosed 11/08/2021 has been provided.

5. 7 text messages about "cows" between Perez and Torres referenced in WT 4 app/pp63-4/para. 147.

5

- Status: *Unfulfilled.*

6. Pole camera footage and authorization referred to in w.t. app 4, p.94, w.t. app 5, p.48 and p. 58.
   - Status: *Unfulfilled*

7. 100,000 and 500,000 series in the discovery.

   - Status: *Unfulfilled*

8. PRTT on Popeye, Alvarado, and the Villaloboses. There are no references to these, so they may not exist.
   - Status: *Unfulfilled*

9. CSW 58639 and affidavit signed by Judge Clark (Santa Clara Sup. Ct.) referenced at 600057.
   - Status: *Unfulfilled*

10. SCCSO Report 20-183-0262T referenced at 600199.
    - Status: *Unfulfilled*

11. Any other local law enforcement reports and Body cams of surveillance on 7-1-20 referenced at 600236.
    - Status: *Unfulfilled*

12. Local police reports, body cams for car stop referenced at 600274.
    - Status: *Unfulfilled*

13. All other video surveillance, BWCs and otherwise video recorded suspect, witness questioning and searches.
    - Status: *Unfulfilled*

14. Informant debriefs of CS-16-152724 referenced in US-600311

    a) on November 30, 2016 authored by SA Diamond

    b) on Aug. 23, 2017 by Diamond;

    c) on June 5, 2019 by SA Pittaluga

6

- Status: *Unfulfilled*

**September 19, 2021**

15. In a debrief of informant CS18-156916 on 5/7/20 and/or 5/10/20, beginning bate stamp US-600050, in paragraph 5 it appears that he/she calls Perez in a monitored/controlled call. I don't think we have a recording of this, so I now request it along with any others made by this informant and any other informants not yet provided.
    - Status: *Unfulfilled*

**October 12, 2021**

16. Bates US-600067 is a DEA6 about a s.w. execution of 510-767-5008 account. We don't have the s.w. application/affidavit/s.w., or can't find it.
    - Status: *Fulfilled* – 11/8/2021 email provided **warrant SW 3:20-mj-71302**

17. W.t. app 5/para. 212 references a s.w. for 667-255-6215 (TT-7). Please provide that s.w. material.
    - Status: *Fulfilled*- – 11/8/2021 email states, "Wiretap Appl. No. 5, paragraph 212 refers to TT-10 (510-767-5008) - not TT-7, and discusses Verizon text messages. I believe the reference in para. 212 is to **warrant SW 3:20-mj-71302.**

18. Please provide any other warrants (PRTT, ping/location) for both #s.

    - Status: *Unfulfilled*.

19. Please provide any administrative subpoena material for both.
    - Status: *Unfulfilled*.

20. Bates US-600066 references a ping warrant on 408-701-8687. Please provide the s.w. material for that.
    - Status: *Fulfilled* – 11/8/2021 email provided US-200035.

7

**November 9, 2021**
21. In wiretap app 5, para. 222, the affiant notes a prior wiretap from 2018 in which Villalobos was intercepted on his phone # ending in 9974.

   Please provide the transcripts/translations for those intercepted calls, and the Santa Clara Co. case # that was filed against the target, Ceja, if it was charged.

- Status: *Unfulfilled.*

**November 12, 2021**
22. All search warrant applications for Cid's phones in the San Jose DEA investigation, including both historical information, PRTT and ping data.
    - Status: *Unfulfilled.*

23. All analyses of the data obtained from those search warrants.
    - Status: *Unfulfilled.*

24. All raw data obtained by the s.w.s in the S. Jose investigation for historical phone records, PRTT, ping/location tracking for all of Cid's and his alleged co-conspirators' phones.
    - Status: *Unfulfilled.*

25. All surveillance reports based on the ping warrants, physical location/cell tower information data disclosed in 2019-2020 cellphone s.w.s
    - Status: *Unfulfilled.*

26. Analyses of the Oakland DEA investigation s.w. data referred to but not disclosed in the discovery provided.
    - Status: *Unfulfilled.*

27. Administrative subpoenas/applications for the cell phone account records for: (408) 314-8286 subscriber Javier Villalobos, (408) 380-9974 subscriber Roberto Villalobos.
    - Status: *Unfulfilled.*


28. Reports of analyses of these records.
    - Status: *Unfulfilled.*

**November 13, 2021**

We requested clarification about some of the provided records, please:

29. The following Bates pages contain text data and tell us which is the other phone, but don't appear to tell us the phone number of the cellphone records we are looking at:

    - CID-001386
    - CID-001416
    - CID-001635
    - CID-002171
    - CID-002211
    - CID-002255
    - CID-002260
    - CID-002262
    - CID-002567
    - CID-002790
    - CID-002846
    - CID-002909
    - CID-002910
    - CID-002911
    - CID-002913
    - CID-002915
    - CID-003039
    - CID-003040
    - CID-003041
    - CID-003047
    - CID-003590
    - CID-003597
    - CID-003877
    - CID-004107
    - CID-004108
    - CID-004109
    - CID-004111

- Status: *Unfulfilled.*

30. We have received other phone records with cellphone content data, mainly media files we request clarification of the associated phone number and/or MMS call detail records these discovery files are associated with:

   1. CID-002356 to CID-002381
   2. CID-002959 to CID-002998
   3. CID-003693 to CID-003718
   4. CID-004157 to CID-004196

- Status: *Unfulfilled.*

We anticipate that the government intends to provide all of the Requested discovery, with one significant exception: the Coolminer data. We request a reasonable compliance date be set for all of the discovery requests, including the Coolminer data, with the understanding that the defense will prepare to litigate a motion to compel on any discovery the government declines to provide.

```
                                    /S/ Brian P. Berson_____
                                    Brian P. Berson,
                                    Attorney for Juvencio Gamez Cid


                                    /S/ Peter L. Arian_____
                                    Peter L. Arian,
                                    Attorney for Raudel Macias


                                    _____
                                    /S/ Jesse Garcia
                                    Attorney for Francisco Miranda


                                    _____
                                    /S/ Stuart Kirchik
                                    Attorney for Christian Alvarado
```